UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON DIVISION

| | | |
|---|---|---|
| CONTEERS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| CITY OF AKRON, SUMMIT COUNTY, | ) | |
| OHIO, and AKRON CITY COUNCIL, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,
PERMANENT INJUNCTION, AND NOTICE OF APPEAL**

Plaintiff, Conteers LLC ("Conteers"), by counsel, for its Complaint for Damages,
Declaratory Relief, Permanent Injunction, and Notice of Appeal against Defendants The City of
Akron, Summit County, Ohio (the "City"), and the Akron City Council (the "Council")
(collectively, the "Defendants"), states as follows:

**INTRODUCTION**

1.        Through this lawsuit, among other things, Conteers seeks to enjoin the
Defendants from further restraining its First Amendment rights through continued application of
the unconstitutional provisions of the City's Code of Ordinances ("Ordinance").  Those
provisions constitute an impermissible prior restraint on Conteers' First Amendment rights,
which prevented Conteers from constructing a digital billboard it proposed to build at 475 East
North Street, Akron, Ohio ("Billboard").  Defendants have also applied the Ordinance in such a
manner that they have favored certain speech/speakers over Conteers in violation of the United
States Constitution.

2.      Through its Ordinance, Defendants have improperly and unconstitutionally restrained Conteers' First Amendment right to free speech.

## PARTIES

3.      Conteers is a domestic limited liability company, organized and existing under the laws of the State of Ohio.

4.      Conteers has a principal place of business in the City of Sidney, Shelby County, State of Ohio.

5.      At all times relevant herein, the City was a city organized under the laws of the State of Ohio, which can sue and be sued.

6.      At all times relevant herein, the Council was the legislative branch of the City, which can sue and be sued.

## VENUE AND JURISDICTION

7.      Conteers' claims arise under 42 U.S.C. § 1983, 28 U.S.C. § 2201, and Ohio law. This Court has subject matter jurisdiction over Conteers' claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367, the First Amendment and Fourteenth Amendments of the United States Constitution, and Article I, § 11 of the Ohio Constitution.  Conteers' state law claims are within this Court's jurisdiction based on Conteers asserting claims under federal law.  Conteers' state law claims arise from the same underlying controversy as those invoking federal question jurisdiction.  Exercising supplemental jurisdiction over Conteers' state law claims is proper.  *See* 28 U.S.C. § 1367(a).

8.      Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) because Conteers' claims against Defendants arose in this District.

## FACTUAL BACKGROUND

9.      Conteers is in the business of buying or leasing land upon which to construct, maintain, and/or operate billboards to be used for the dissemination of both commercial and noncommercial speech.

### A.  THE BILLBOARD.

10.      Duane Bartoe ("Bartoe") owns real estate located at 475 East North Street, Akron, Ohio (the "Property").

11.      Bartoe has leased a portion of the Property to Conteers.

12.      Conteers holds a valid leasehold interest in the Property (the "Leasehold Interest").

13.      Conteers intends to erect the Billboard on its Leasehold Interest.

14.      The Billboard is located on a surface street (North Street) adjacent to State Road 8.

15.      Where State Road 8 crosses North Street, it does so via an approximately 150-foot tall bridge over North Street.

16.      On or about July 24, 2019, Conteers obtained a permit for the Billboard from the Ohio Department of Transportation.

### B.  THE CITY'S PERMIT PROCESS.

17.      Chapter 153 of the Ordinance is entitled "Zoning Code" (the "Zoning Code").

18.      The purported purpose of the Zoning Code is "the promotion of the public health, safety, comfort, convenience, prosperity, and general welfare." (See Ordinance, § 153.100).

19.      The Zoning Code regulates the placement of billboards within the City.

20.     Billboards may be permitted as conditional uses under Section 153.464 of the Ordinance.

21.     Section 153.385(A) sets forth the developmental requirements for Billboards permitted as conditional uses.

22.     That section sets forth certain height requirements for certain types of Billboards.

23.     Specifically, Section 153.385(A)(6) provides: "No [billboard] whose supports and braces are of steel or other approved noncombustible material, and whose face is of noncombustible construction FRTW wood as approved by the Superintendent of Building Inspection and Regulation shall exceed the height district as found in this code or of a maximum height of fifty feet, whichever is less."

24.     The Council has the ultimate authority in relation to whether to grant or deny a conditional use.  (Ordinance, §§ 153.470, 153.476(D)).

25.     In deciding whether to grant or deny a conditional use, including one for a billboard, the Council considers the following subjective factors:

Whether the proposed use:
1)  Will be harmonious with and in accordance with the general objectives of the City's Comprehensive Plan;

2)  Will be designed, constructed, operated, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and will not change the essential character of the same area;

3)  Will not be hazardous or disturbing to existing or future neighboring uses;

4)  Will be served adequately by essential public facilities such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewers and schools; or that the person or agency responsible for the establishment of the proposed use shall be able to provide adequately any such services;

5)  Will not create excessive additional requirements at public cost for public facilities and services, and will not be detrimental to the economic welfare of the community;

4

6) Will not involve uses, activities, processes, materials, equipment, and conditions of operation that will be detrimental to any person or property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes, glare, or odors;

7) Will have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public streets or roads; and

8) Will not result in the destruction, loss, or damage of a natural, scenic, or historic feature of major importance.

(*Id.*, § 153.474).

26.　The Zoning Code does not require the Council to grant a conditional use if the proposed use meets all these factors; instead, it just lists them as factors the Council may consider in deciding whether to permit a conditional use.  (*Id.*).

27.　The Council may except or increase any development requirement set forth in Section 153.385(A) of the Zoning Code, including any height requirements, as long as the Council believes that exception or increase is consistent with the subjective standards set forth in Section 153.474.  (*Id.*, § 153.385(F)).

28.　In other words, the Council can allow (and has allowed (*see infra*), billboards taller than 50 feet as long as the Council believes a taller billboard meets the subjective standards set forth in Section 143.474.

29.　There is also no provision in the Zoning Code or Ordinance requiring the Council to make a decision on a conditional use permit within any specific timeframe.

30.　All the Zoning Code requires is that the Council makes a decision after the public hearing required for the conditional use permit.  (Ordinance, § 153.488).

31.　Although the Zoning Code allows for appeals of the Council's decisions on conditional uses, there is no time limit for deciding such an appeal, and the losing party, like Conteers, must initiate that appeal.  (Id., § 153.498).

C. **CONTEERS' PERMIT APPLICATION.**

32.     On or about August 2, 2019, Conteers submitted an Application for Sign Permit ("Permit Application").

33.     Per the Zoning Code, Conteers must have a conditional use permit in order to erect the Billboard.

34.     The Permit Application seeks a permit to construct a new, double-faced digital billboard, which is 202 feet tall.

35.     The face of the Billboard is made primarily of steel.

36.     The face of the Billboard is not made of noncombustible construction FRTW wood.

D. **THE DEFENDANTS' PERMIT REVIEW PROCESS.**

37.     The City Council has the ultimate authority to grant or deny a sign permit application.

38.     Applications for conditional uses go through a multi-stage review prior to the City Council making its decision.

39.     Applications for conditional uses first undergo an "aesthetic"/architectural review by the Urban Design and Historic Preservation Commission ("UDHPC").

40.     According to its website, the UDHPC "provides independent aesthetic review of various development projects in the [City][.]" *See* https://www.akronohio.gov/cms/site/4820d164c8ec21ed/index.html (last accessed March 4, 2020).

41.     There are no narrow, objective, and definite standards in the Ordinance or elsewhere guiding the UDHPC in this "aesthetic"/architectural review.

42.     Based on the "aesthetic"/architectural review, the UDHPC makes a recommendation to the Department of Planning and Urban Development ("Planning Department").

43.     The Planning Department uses the UDHPC's recommendation to formulate its report and recommendation to the Planning Commission.

44.     The Ordinance lacks narrow, objective, and definite standards to guide the Planning Department in making its report and recommendation to the Planning Commission.

45.     After the Planning Department issues its report and recommendation, the Planning Commission then votes on whether to approve an application.

46.     The Ordinance lacks narrow, objective, and definite standards to guide the Planning Commission in voting on whether to approve an application.

47.     After the Planning Commission votes, an application then goes before the City Council for consideration and vote.

48.     The Ordinance lacks narrow, objective, and definite standards to guide the City Council in voting on whether to approve the application.

49.     The Ordinance also fails to place limits on the time within which the decisionmaker must issue a decision.

50.     All the Zoning Code requires is that the Council makes a decision after the public hearing required for the conditional use permit.  (Ordinance, § 153.488).

51.     The lack of a definitive time limit allowed the City to delay deciding whether Conteers could speak and when.

52.     According to the City's website the UDHPC meets every three (3) weeks.

7

53.     Because Conteers submitted the Permit Application on August 2, 2019, the Permit Application should have been on the agenda for the UDHPC's meeting on September 3 (with a Planning Commission meeting to follow on September 13, 2019).

54.     The Permit Application was not on the Agenda for the September 3, 2019 meeting.

55.     Conteers was forced to contact the Planning Department to follow up on the status of the Permit Application.

56.     Upon contacting the Planning Department, the Planning Department informed Conteers that the next UDHPC meeting would be on October 8, 2019.

57.     During that same conversation, the Planning Department informed Conteers that it would appear at the October 8, 2019 meeting and recommend the denial of the Application because the Planning Department subjectively believes the Billboard is "too big" and it might "block the view of the valley".

58.     Conteers attended the UDHPC meeting on October 8, 2019, but, on arrival, Conteers' representative was informed that there was not much on the agenda for that day and that the meeting was cancelled as a result.

59.     On November 5, 2019, over three (3) months after submitting the Permit Application, the UDHPC considered the Permit Application and recommended denying the same based on subjective reasons.

60.     Specifically, the UDHPC was "of the opinion" that the Billboard was "not suitable" for this location.

8

61. The UDHPC noted that the adjacent State Road 8 bridge was being completely replaced and that "great attention" had been given to creating an "attractive design" for that bridge.

62. The UDHPC believed that, due to the height of the Billboard, it would "appear out of place, both adjacent to the bridge and overlooking the forested Little Cuyahoga River valley below."

63. The Planning Department then issued a report and recommendation that recommended the Planning Commission deny the Permit Application for similar, subjective reasons.

64. The Planning Department made similar statements as those in the UDHPC report, and further stated that the Billboard would "detract from the location where the beneficial calming effects of urban green space are available."

65. On November 15, 2019, the Planning Commission met and voted to deny the Permit Application.

E. THE CITY COUNCIL DENIES THE APPLICATION FOR CONDITIONAL USE.

66. On February 10, 2020, the Council, over six (6) months after Conteers submitted the Permit Application, met and voted to deny the Permit Application. The Council mailed notice of the denial to Conteers on February 11, 2020.

67. The Council noted two (2) reasons for denying the Permit Application: (1) the height of the Billboard was over fifty (50) feet, and (2) the "aesthetics" of the Billboard.

68. Defendants have approved/allowed at least three (3) billboards to be operated within the City that are in excess of fifty (50) feet.

69.     The first of those three (3) billboards is located adjacent to State Road 8 just north of the interchange with I-77/I-76.

70.     The second is located adjacent to I-277 just west of the interchange with Manchester Road/State Road 93.

71.     The third is located adjacent to I-77 just north of the interchange with Copley Road/State Road 162.

72.     The faces of those billboards are similar in shape and size as the Billboard that Conteers seeks to erect.

73.     Those billboards also display similar messages as Conteers seeks to display.

## FIRST CAUSE OF ACTION

### THE ORDINANCE CONTAINS UNCONSTITUTIONAL PRIOR RESTRAINTS

74.     Conteers incorporates by reference the foregoing paragraphs, as if restated herein in their entirety.

75.     The Ordinance lacks procedural safeguards or objective criteria with respect to sign permitting decisions.

76.     The Ordinance also fails to set forth a definitive timeframe in which the Defendants must make a permitting decision.

77.     The Ordinance gives the Defendants unbridled and/or boundless discretion to determine whether and/or when to permit expressive activity including both commercial and non-commercial speech.

78.     The Ordinance leaves the decision whether to grant, deny, or revoke a permit, and the time period in which to do so, to the Defendants' whim.

79.     The Ordinance contains unconstitutional prior restraints on speech.

80.     As an unconstitutional prior restraint, the Ordinance violates the United States Constitution, including, without limitation, the First and Fourteenth Amendments.

81.     As an unconstitutional prior restraint, the Ordinance violates the Ohio Constitution, including, without limitation, Article I, § 11.

82.     As an unconstitutional prior restraint, the Ordinance is arbitrary, capricious, and/or unfounded; and otherwise results in the arbitrary deprivation of Conteers' (and those similarly situated to Conteers) vested property rights/interests without due process of law.

83.     As an unconstitutional prior restraint, the Ordinance violates Conteers' (and those similarly situated to Conteers) civil rights.

84.     The City would not have enacted the Ordinance without the inclusion of the sign permitting/conditional use processes.

85.     Because the City would not have passed the Ordinance without the inclusion of the sign permitting/conditional use processes, a determination of unconstitutionality as to those provisions renders the Zoning Code unconstitutional in its entirety.

86.     Conteers has been damaged by the Defendants' abridgement of Conteers' constitutional rights.

87.     Based on the foregoing, Conteers seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring the Ordinance (in part or in whole) unconstitutional on its face and as-applied to Conteers, and enjoining the City from enforcing any portion of the Ordinance (in part or in whole) against Conteers, and compensatory damages, pursuant to 42 U.S.C. § 1983, in a sum to be determined at trial.

## SECOND CAUSE OF ACTION

### DEFENDANTS FAVOR CERTAIN SPEECH/SPEAKERS OVER OTHERS

88.     Conteers incorporates by reference the foregoing paragraphs, as if restated herein in their entirety.

89.     Defendants denied the Permit Application, in part, because the proposed height of the Billboard was in excess of fifty (50) feet.

90.     Defendants have approved/allowed at least three (3) similar billboards to be operated within the City that are in excess of fifty (50) feet.

91.     By allowing those three (3) billboards and/or any other similar billboards to operate at over fifty (50) feet, Defendants have favored certain speech/speakers over others, including Conteers, in violation of the First Amendment and/or Equal Protection Clause of the United States Constitution.

92.     Conteers has been damaged by the Defendants' abridgement of Conteers' constitutional rights.

93.     Based on the foregoing, Conteers seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring the Defendants' application of the Ordinance (in part or in whole) unconstitutional on its face and as-applied to Conteers, and enjoining the City from enforcing any portion of the Ordinance (in part or in whole) against Conteers, and compensatory damages, pursuant to 42 U.S.C. § 1983, in a sum to be determined at trial.

## THIRD CAUSE OF ACTION

### NOTICE OF APPEAL

94.     Conteers incorporates by reference the foregoing paragraphs, as if restated herein in their entirety.

95.     On February 10, 2020, the Council denied the Permit Application.

96.     On February 11, 2020, the Council sent notice of the denial to Conteers.

97.     The decision to deny the Permit Application was unconstitutional as applied to Conteers, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.

98.     Pursuant to Ohio Revised Code § 2506.04, Conteers respectfully requests the Court to overturn the denial of the Permit Application and to enter instructions to the City Council to grant the Permit Application.

99.     This appeal is on questions of law and/or fact.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Conteers Outdoor, LLC, by counsel, respectfully requests a Judgment for the following relief:

A.      On the First Cause of Action, for an Order and Judgment pursuant 28 U.S.C. § 2201 declaring the Ordinance (in part or in whole) to be unconstitutional on its face and as applied to Conteers, and permanently enjoining Defendants from enforcing the Ordinance (in part or in whole), now or at any time in the future, against Conteers, including but not limited to any enforcement actions or imposition of civil penalties against Conteers, and an award of compensatory damages, pursuant to 42 U.S.C. § 1983, to be determined at trial;

B.      On the Second Cause of Action, for an Order and Judgment pursuant to 28 U.S.C. § 2201 declaring the Ordinance (in part or in whole) to be unconstitutional on its face and as applied to Conteers, and permanently enjoining Defendants from enforcing the Ordinance (in part or in whole), now or at any time in the future,

against Conteers, including but not limited to any enforcement actions or imposition of civil penalties against Conteers, and an award of compensatory damages, pursuant to 42 U.S.C. § 1983, to be determined at trial;

C.     On the Third Cause of Action, for an order overturning the Council's denial of the Permit Application and instructing the Council to approve the Permit Application and issue a permit consistent therewith;

D.     For an award to Conteers of costs, disbursements, and reasonable attorneys' fees and expert fees incurred by Conteers in connection with this action pursuant to 42 U.S.C. § 1988; and

E.     All other relief just and proper in the premises.

Respectfully submitted,

/s/ *Paul B. Ricard*
Paul B. Ricard (#0088207)
Pelini, Campbell & Williams LLC
8040 Cleveland Ave. NW, Suite 400
North Canton, OH  44720
Phone: 330-305-6400
Fax: 330-305-0042
Email: pbricard@pelini-law.com

LEWIS WAGNER, LLP

/s/ *A. Richard M. Blaiklock*
A. RICHARD M. BLAIKLOCK, #20031-49
CHARLES R. WHYBREW, #21148-49
*Counsel for Conteers LLC*
(Pro Hac Vice Forthcoming/Pending)

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-6150
Phone:   317-237-0500
Fax:      317-630-2790
Email:   rblaiklock@lewiswagner.com
           cwhybrew@lewiswagner.comp

14