# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **CONTEERS LLC,** | **CASE NO. 5:20-CV-00542** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **CITY OF AKRON, SUMMIT COUNTY, OHIO, et al.,** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendants.** | |

This matter comes before the Court upon the Second Motion for Preliminary Injunction of Plaintiff Conteers LLC ("Conteers"), filed on October 9, 2020.  (Doc. No. 30.)  Defendants City of Akron, Summit County, Ohio (the "City") and Akron City Council (the "City Council") (collectively, "Defendants") filed a brief in opposition to Conteers' Second Motion for Preliminary Injunction on November 23, 2020, to which Conteers replied on December 7, 2020.  (Doc. Nos. 33, 36.)  On December 21, 2020, Defendants also filed a Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Second Motion for Preliminary Injunction ("Motion for Leave to File Sur-Reply"), attaching their proposed Sur-Reply.  (Doc. No. 38.)  Conteers opposed Defendants' request on January 4, 2021.  (Doc. No. 39.)

Also, currently pending is Defendants' Objection and Motion to Strike ("Motion to Strike"), filed on December 21, 2020.  (Doc. No. 37.)  Conteers filed a brief in opposition to Defendants' Motion to Strike on January 4, 2021, to which Defendants replied on January 11, 2021.  (Doc. Nos. 40, 41.)

For the following reasons, Defendants' Motion to Strike (Doc. No. 37) is DENIED, Defendants' Motion for Leave to File Sur-Reply (Doc. No. 38) is GRANTED IN PART and DENIED IN PART, and Conteers' Second Motion for Preliminary Injunction (Doc. No. 30) is DENIED.

## I.  Background

### a.  Factual Background

Conteers is in the business of buying or leasing land upon which to construct, maintain, and operate billboards.  (Doc. No. 5-2 at ¶ 3.)  Conteers leased property located at 475 East North Street, Akron, Ohio with the intention of erecting a billboard on it.  (*Id.* at ¶¶ 4-7.)  The intended location of the billboard is on a surface street—North Street—adjacent to State Road 8.  (*Id.* at ¶ 8.)  State Road 8 crosses North Street via an approximately 152-foot tall bridge over North Street.  (*Id.* at ¶ 9.)  Because of the difference in elevation between the leased property and the bridge above, Conteers sought to erect a 202-foot tall billboard so that passengers in vehicles on State Road 8 could see it. (*Id.* at ¶ 10.)  The intended billboard would be a double-faced digital billboard, with the face made primarily of steel.  (*Id.* at ¶¶ 24-26.)

On August 2, 2019, Conteers submitted an application to the City for a sign permit for its intended billboard.  (*Id.* at ¶ 23.)  Chapter 153 of the City's Code of Ordinances, which is entitled "Zoning Code," regulates the placement of outdoor advertising displays, which includes billboards. *See* Akron Code of Ordinances ("A.C.O.") § 153.140.  Pursuant to the Zoning Code, a billboard may be permitted as a conditional use.  A.C.O. § 153.464(Y).  The City Council has the authority to grant or deny a conditional use for a billboard, although its decision may be appealed in court.  *See* A.C.O. §§ 153.476(D), 153.488, 153.498.

2

Article 9 of the Zoning Code lays out the specific requirements for billboards.  Article 9 contains only one section—Section 153.385.  Thus, the Court will refer to Article 9 and Section 153.385 interchangeably.  As relevant here, Section 153.385(A) sets forth the "[d]evelopment requirements for outdoor advertising displays permitted as a conditional use," including certain size, height, and set-back requirements.  A.C.O. § 153.385(A).  With respect to height limits, Section 153.385(A)(6) provides that "[n]o ground bulletin whose supports and braces are of steel or other approved noncombustible material, and whose face is of noncombustible construction FRTW wood as approved by the Superintendent of Building Inspection and Regulation shall exceed the height district as found in this code or of a maximum height of fifty feet, whichever is less."  A.C.O. § 153.385(A)(6).

Section 153.385(F) of Article 9 also incorporates the general standards applicable to all conditional uses set forth in Section 153.474 of Article 14 of the Zoning Code.  A.C.O. § 153.385(F) ("The outdoor advertising display must conform to the requirements of Section 153.474.").  Article 14 governs the approval of conditional uses generally.  Section 153.474 provides:

> The planning staff, the City Planning Commission, and Council, when studying a petition for a conditional use, shall review the particular facts and circumstances of each proposed use in terms of the following standards, and if taking favorable action on the proposal, shall find adequate evidence that the use:
>
> A.  Will be harmonious with and in accordance with the general objectives of the City's Comprehensive Plan;
>
> B.  Will be designed, constructed, operated, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and will not change the essential character of the same area;
>
> C.  Will not be hazardous or disturbing to existing or future neighboring uses;

3

> D.  Will be served adequately by essential public facilities such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewers and schools; or that the person or agency responsible for the establishment of the proposed use shall be able to provide adequately any such services;
>
> E.  Will not create excessive additional requirements at public cost for public facilities and services, and will not be detrimental to the economic welfare of the community,
>
> F.  Will not involve uses, activities, processes, materials, equipment, and conditions of operation that will be detrimental to any person or property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes, glare, or odors;
>
> G.  Will have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public streets or roads;
>
> H.  Will not result in the destruction, loss, or damage of a natural, scenic, or historic feature of major importance.

A.C.O. § 153.474.

If these criteria are met, the City Council may also permit a billboard to vary from the specific size, height, and set-back requirements set forth in Article 9 or other sections of the Zoning Code. *See* A.C.O. § 153.385(F) ("Council may except or increase any of the provisions in this chapter consistent with the provisions of Section 153.474.").  For example, the City Council has allowed at least three billboards within the City that are over fifty feet tall.  (Doc. No. 5-2 at ¶¶ 43-46.)

In addition to the height limit noted above in Section 153.385(A)(6) that is specific to billboards, the Zoning Code also divides the City into eight classes of height districts.  A.C.O. § 153.210.  The property on which Conteers intends to construct its billboard is in a Class H2 District.  (Doc. No. 5-4 at 2.)  Structures, including billboards, in excess of fifty feet in height are prohibited in a Class H2 District.  A.C.O. §§ 153.140, 153.335(C).

4

Before Conteers' application for a permit for its billboard reached the City Council for a final decision based on the standards described above, it underwent several reviews by other commissions. First, the Urban Design and Historic Preservation Commission ("UDHPC") conducted an independent aesthetic review.  (Doc. No. 5-2 at ¶ 27.)  On November 5, 2019, UDHPC recommended denying the application because the billboard was "not suitable" for the location.  (*Id.* at ¶ 36; Doc. No. 5-3 at 2.)  UDHPC noted that the adjacent State Road 8 bridge was being completely replaced and that "[g]reat attention" had been given to creating an "attractive design" for that bridge.  (Doc. No. 5-3 at 2.)  UDHPC believed that, due to the height of the billboard, it would "appear out of place, both adjacent to the bridge and overlooking the forested Little Cuyahoga River valley below."  (*Id.*) The City's Planning Department then issued a report and recommendation that also recommended the denial of Conteers' permit application for similar reasons.  (Doc. No. 5-4 at 2-3.) Subsequently, on November 15, 2019, the City's Planning Commission met and voted to deny the permit application as well.  (*Id.* at 4.)

Finally, on February 10, 2020, the City Council met and voted to deny Conteers' application. (Doc. No. 5-2 at ¶¶ 40-41; Doc. No. 14-5 at ¶ 3.)  The City Council noted two reasons for denying Conteers' permit application: (1) the height of the proposed billboard was over fifty feet, and (2) the "aesthetics" of the billboard.  (Doc. No. 5-2 at ¶ 42.)

### b.  Procedural History

On March 11, 2020, Conteers filed a Complaint against Defendants in this Court, setting forth three causes of action.  (Doc. No. 1.)  In its first cause of action, Conteers alleges that the City's Code of Ordinances violates the First and Fourteenth Amendments of the United States Constitution, as well as the Ohio Constitution, because it contains unconstitutional prior restraints on speech since it

lacks certain procedural safeguards and provides Defendants unbridled discretion with respect to permitting decisions.  (*Id.* at ¶¶ 74-87.)  In its second cause of action, Conteers alleges that Defendants have favored certain speakers over Conteers by allowing three other similar billboards that are over fifty feet to be operated within the City in violation of the First Amendment and the Equal Protection Clause.  (*Id.* at ¶¶ 88-93.)  Finally, in its third cause of action, Conteers appeals the City Council's decision denying its permit application.  (*Id.* at ¶¶ 94-99.)  Conteers seeks a declaration that the City's Code of Ordinances is unconstitutional, either in whole or in part, on its face and as applied to Conteers, a permanent injunction precluding Defendants from enforcing the City's Code of Ordinances against Conteers, an award of damages pursuant to 42 U.S.C. § 1983, and an order overturning the City Council's denial of Conteers' permit application.  (*Id.* at Pg. 13-14.)

On March 17, 2020, about a week after the filing of its Complaint, Conteers filed a Motion for Preliminary Injunction, seeking to preliminarily enjoin Defendants from enforcing Articles 9 and 14 of the Zoning Code against Conteers and from preventing Conteers from erecting the billboard consistent with its permit application.  (Doc. No. 5.)  Conteers asserted that the Zoning Code contained impermissible prior restraints on speech, and a preliminary injunction precluding Defendants from enforcing the unconstitutional portions of the Zoning Code was necessary to protect Conteers' ability to exercise its First Amendment rights.  (*Id.*)  While Conteers' Motion for Preliminary Injunction was pending, Defendants filed a Motion for Judgment on the Pleadings, seeking to dismiss Conteers' claims based on a lack of jurisdiction, a lack of standing, and/or the failure to establish that the challenged provisions of the Zoning Code were unconstitutional.  (Doc. No. 14.)

On September 15, 2020, after the parties had engaged in limited discovery and fully briefed both motions, the Court denied Defendants' Motion for Judgment on the Pleadings.  (Doc. No. 27 at 7-24.)  As part of the Court's decision, the Court addressed Defendants' argument that Conteers lacked standing to challenge the City's conditional use ordinances because even a successful challenge would not allow Conteers to erect its proposed billboard, as the billboard exceeds the height limit contained in Section 153.385(A)(6).  (*Id.* at 15-16.)  The Court found this argument lacked merit, holding that Conteers had adequately alleged that the height limit in Section 153.385(A)(6) does not apply to its proposed billboard.  (*Id.*)  Specifically, the Court reasoned that Conteers had alleged that the face of its proposed billboard is made primarily of steel, and the plain language of Section 153.385(A)(6) limited the application of its height limit to billboards "whose face is of noncombustible construction FRTW wood."  (*Id.*)  The Court found Defendants' other arguments in support of dismissal unpersuasive as well.  (*Id.* at 9-12, 17-24.)

In the same opinion, the Court also granted Conteers' Motion for Preliminary Injunction in part.  The Court found that Conteers had established that the City's Zoning Code likely contains unconstitutional prior restraints on speech, namely that Sections 153.474(A), (B), (C), and (H) that the City Council had relied on to deny Conteers' permit application on the basis of aesthetics were too vague and subjective and did not contain adequate standards to guide the City Council's decision.  (*Id.* at 22-27.)  However, the Court held that these provisions likely were severable from the rest of the Zoning Code, and therefore did not declare Articles 9 and 14 unconstitutional in whole, as Conteers had requested.  (*Id.* at 27-30.)  Instead, the Court only enjoined Defendants "from enforcing Sections 153.474(A), (B), (C), and (H) of Article 14 of the City's Zoning Code" against Conteers.  (*Id.* at 33.)

7

Approximately a month after the Court's decision, Conteers filed a Second Motion for Preliminary Injunction. (Doc. No. 30.) This time, Conteers seeks a preliminary injunction enjoining Defendants from enforcing Section 153.385(A)(6) or any other height limit in the Zoning Code against Conteers. (*Id.*) It appears that after the Court's initial preliminary injunction order, in conversations between the parties, Defendants represented to Conteers that the construction of its billboard was still barred by the Zoning Code based on the fifty-foot height limit for structures in a Class H2 District, prompting Conteers' Motion. (*See* Doc. No. 30-1 at 9; Doc. No. 36 at 6.) Neither party addressed the Zoning Code's height district limits in the briefing on either Conteers' original Motion for Preliminary Injunction or Defendants' Motion for Judgment on the Pleadings. Defendants filed a brief in opposition to Conteers' Second Motion for Preliminary Injunction on November 23, 2020, to which Conteers replied on December 7, 2020. (Doc. Nos. 33, 36.) On December 21, 2020, Defendants filed a Motion for Leave to File Sur-Reply, attaching their proposed Sur-Reply. (Doc. No. 38.) Conteers opposed Defendants' request on January 4, 2021. (Doc. No. 39.)

On December 21, 2020, Defendants' also filed a Motion to Strike, seeking to strike certain evidence submitted by Conteers in support of its Second Motion for Preliminary Injunction. (Doc. No. 37.) Conteers filed a brief in opposition to Defendants' Motion to Strike on January 4, 2021, to which Defendants replied on January 11, 2021. (Doc. Nos. 40, 41.)

## II.    Defendants' Motion to Strike

In Defendants' Motion to Strike, they assert that any evidence outside the record of proceedings before the City Council cannot be considered by the Court and must be stricken. (Doc. No. 37 at 1-2.) In support of this position, Defendants point out that Conteers has argued in its Second Motion for Preliminary Injunction that Defendants waived any application of the height district limits

by not raising the issue in the proceedings before the City Council.  (*Id.* at 1.)  According to Defendants, by making this argument, Conteers has conceded that the scope of this case is confined to Conteers' administrative appeal of the City Council's decision.  (*Id.* at 1-2.)  Pursuant to Ohio Revised Code § 2506.03, the record on appeal from the decision of an administrative body is limited to the record of the proceedings before the administrative body.  Thus, Defendants contend that Conteers' submission of additional evidence—specifically, the deposition testimony of City Council President Margo Sommerville, the affidavit of John Kirirah, the draft meeting minutes from the October 5, 2020 meeting of City Council, and the conditional use permits for other outdoor advertising displays—is improper.  (*Id.* at 2.)

In response, Conteers asserts that its Second Motion for Preliminary Injunction "is not limited to Conteers' administrative appeal, as the Defendants wrongly posit."  (Doc. No. 40 at 3.)  Rather, Conteers contends that "[t]he Second PI Motion is a continuation of the constitutional issues raised in the initial preliminary injunction motion," that "at no point in the Second PI Motion does Conteers say that it is limiting its claims to the administrative appeal," and that "Conteers is clear that the Second PI Motion relates to the First Amendment issues in the case." (*Id.* at 2.)  Conteers appears to indicate that it does not necessarily disagree with Defendants that the only admissible evidence with respect to the administrative appeal portion of its claims is the record of proceedings before the City Council, but that there is no such limitation on the evidence the Court can consider for its constitutional analysis.  (*Id.* at 3.)  Finally, Conteers also argues that it would be unfair to limit the Court's analysis to the record of proceedings when Defendants themselves have failed to provide the record despite Conteers' request for them to do so pursuant to Ohio Revised Code § 2506.02.  (*Id.* at 4; Doc. No. 10.)

In Defendants' reply in support of their Motion to Strike, they only address Conteers' last point regarding their failure to file the record of proceedings.  Defendants argue that Conteers' praecipe requesting Defendants to prepare the record of proceedings did not comply with Ohio Revised Code § 2506.02 because Conteers only filed it in this Court and did not serve it on the appropriate administrative body.  (Doc. No. 41 at 1-3.)  Thus, Defendants argue that Conteers is at fault for failing to comply with the procedural requirements for prosecuting its administrative appeal, not Defendants.  (*Id.*)

Upon review of the parties' arguments, the Court finds that striking the challenged evidence is not warranted.  In addition to its administrative appeal, Conteers brings two claims under 42 U.S.C. § 1983 for alleged constitutional violations.  (Doc. No. 1 at ¶¶ 74-93.)  Neither party contends that evidence from outside the record of administrative proceedings may not be considered with respect to those independent constitutional claims.  Because Conteers has made clear that its Second Motion for Preliminary Injunction is based on its constitutional claims, the evidence that may be considered is not limited to the administrative record.  As a result, Defendants' Motion to Strike is denied.

## III.  Defendants' Motion for Leave to File Sur-Reply

In Defendants' Motion for Leave to File Sur-Reply, Defendants request leave to file their proposed Sur-Reply to respond to arguments raised in Conteers' Reply Brief in Support of Second Motion for Preliminary Injunction ("Reply") that Defendants contend were not raised in the original Motion.  (Doc. No. 38.)  In opposing Defendants' request, Conteers asserts that it did not raise any new arguments in its Reply and simply responded in an appropriate manner to arguments made by Defendants in their Memorandum in Opposition to Plaintiff's Second Motion for Preliminary Injunction ("Opposition").  (Doc. No. 39 at 2-4.)  To the extent the Court allows the Sur-Reply,

Conteers requests permission to file a response thereto.  (*Id.* at 4.)  The Court finds that, in large part, Defendants' proposed Sur-Reply sets forth arguments that could have been raised in their Opposition, and the Court will therefore not consider those portions of the Sur-Reply.  However, Conteers did raise one new legal theory in its Reply, and the Court will allow the Sur-Reply to the extent it replies to this new argument.

"Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'"  *Key v. Shelby Cty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)); *accord Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010) ("This Court grants leave to file a sur-reply to afford a party an opportunity to address new issues raised for the first time in the reply.").  On the other hand, when a reply does not include new arguments or evidence, a sur-reply is "an impermissible attempt to have the last word."  *Attractive Surgical, LLC v. Cleveland Clinic Found.*, No. 1:19 CV 1212, 2019 WL 11075734, at *4 (N.D. Ohio Oct. 31, 2019).

In their proposed Sur-Reply, Defendants make additional arguments related to the Zoning Code's height districts (including whether Defendants waived their application), whether to strike certain evidence submitted by Conteers, whether Conteers waived its challenge to the constitutionality of the height districts, and the alleged improper successive nature of Conteers' Second Motion for Preliminary Injunction.  (Doc. No. 38 at 1-7.)  None of these arguments respond to new arguments in Conteers' Reply.  Rather, all of these issues were either raised in or implicated by the filing of Conteers' Second Motion for Preliminary Injunction, and Defendants had the

opportunity to address them in their Opposition.  (*See* Doc. No. 33 at 3-4, 6-7.)  As such, these portions of Defendants' proposed Sur-Reply are an improper attempt to have the last word, and the Court will not consider them.

However, in their proposed Sur-Reply, Defendants also assert that "[f]or the first time in its Reply, Conteers has attempted to explain its rationale for asserting that the existence of billboards that exceed 50 feet is relevant to its claims in this case."  (Doc. No. 38 at 7.)  The Court agrees.  While Conteers noted that Defendants have permitted other billboards that exceed fifty feet in its Second Motion for Preliminary Injunction, Conteers did not fully explain their legal significance.  (*See* Doc. No. 30-1 at 10-11.)  It was not until Conteers' Reply that it argued those billboards are evidence of Defendants' unconstitutional actions in choosing and favoring certain outdoor advertisers over others that are similarly situated.  (*See* Doc. No. 36 at 3-4.)  Conteers had the opportunity to raise this argument in its initial Motion, but failed to do so, which left Defendants unable to fully respond in their Opposition.  (*See* Doc. No. 33 at 9.)  Accordingly, the Court will grant Defendants' Motion for Leave to File Sur-Reply to the extent their proposed Sur-Reply responds to this new argument and deny it in all other respects.[1]

## IV.    Conteers' Second Motion for Preliminary Injunction

### a.  Standard of Review

"In general, courts must examine four factors in deciding whether to grant a preliminary injunction:  (1) whether the movant has demonstrated a substantial likelihood of success on the merits, (2) whether the movant will suffer irreparable injury absent injunction, (3) whether a preliminary

---

[1] The Court also denies Conteers' request to file a response to Defendants' Sur-Reply.  Because Conteers raised a new argument in its Reply that could have been raised in its initial Motion, the Court does not find it necessary to permit yet another filing by Conteers to address the issue.

injunction would cause substantial harm to others, and (4) whether the public interest will be served by an injunction." *Flight Options, LLC v. Int'l Bhd. of Teamsters, Local 1108*, 863 F.3d 529, 539-40 (6th Cir. 2017). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). However, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). In addition, "[a] preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573. "The party seeking the injunction must establish its case by clear and convincing evidence." *Draudt v. Wooster City Sch. Dist. Bd. of Educ.*, 246 F. Supp. 2d 820, 825 (N.D. Ohio 2003).

     **b. Analysis**

        **i. Whether Conteers' Second Motion for Preliminary Injunction Should Be Denied as an Improper Successive Motion**

Before reaching an assessment of the factors described above, the Court will first address Defendants' argument that the Court should deny Conteers' Second Motion for Preliminary Injunction because it is a successive motion not based on new facts and an attempt to engage in piecemeal litigation of the issues in this case. (Doc. No. 33 at 3-4.) Defendants assert Conteers' Motion is not based on any new information because it was previously aware of the Zoning Code's height limits. (*Id.*) Moreover, Defendants contend that the Court has already preliminarily concluded that Section 153.385(A)(6) is inapplicable to Conteers' proposed billboard, making Conteers' request to enjoin its enforcement a moot point. (*Id.* at 4.) In response, Conteers argues its Motion is based on new facts, namely Defendants' *post-hoc* argument that the applicable height district limit prevents the erection of its billboard. (Doc. No. 36 at 6-8.) In addition, Conteers points out that in the Court's

13

previous order, it only addressed Section 153.385(A)(6)'s applicability in the context of Defendants' Motion for Judgment on the Pleadings, not in the preliminary injunction context.  (*Id.* at 4-6.)

The Court agrees with Conteers that its Second Motion for Preliminary Injunction is not an improper successive motion.  Conteers' Motion addresses the height district argument not previously raised by Defendants and seeks additional relief regarding the enforcement of Section 153.385(A)(6).  As such, this case is easily distinguishable from the sole case relied upon by Defendants that warned against the filing of successive motions for preliminary injunction that "were virtually identical."  *See F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987).  Accordingly, the Court will move on to the assessment of the four factors courts generally consider when deciding whether to grant a preliminary injunction.

### ii.  Likelihood of Success on the Merits

First, the Court considers whether Conteers "has demonstrated 'a strong likelihood of success on the merits.'"  *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 543 (6th Cir. 2007) (quoting *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)).  "In order to establish a likelihood of success on the merits of a claim, a plaintiff must show more than a mere possibility of success."  *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 402 (6th Cir. 1997).  Nonetheless, "it is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."  *Id.*

In its Second Motion for Preliminary Injunction, Conteers asserts that after the Court's initial preliminary injunction order, the only impediment to Conteers erecting its proposed billboard is the Defendants' flawed reliance on the Zoning Code's fifty-foot height limit.  (Doc. No. 30-1 at 2.)  As

14

such, Conteers requests that the Court declare Section 153.385(A)(6) and any other height limits in the Zoning Code inapplicable to Conteers' billboard and enjoin Defendants from enforcing Section 153.385(A)(6) or any other height limit against Conteers.  (*Id.* at 13.)  In support of this request, Conteers contends it has established a substantial likelihood of success on the merits because (1) based on the plain language of Section 153.385(A)(6), its fifty-foot height limit does not apply to Conteers' billboard; and (2) Defendants waived the enforcement of the fifty-foot height limit based on the billboard's height district by not raising it in the administrative proceedings below, or, alternatively, the height district limit cannot be enforced against Conteers because the process the City adopted to seek a variance from the height limit is unconstitutional.  (*Id.* at 7-11.)  As discussed above, in its Reply, Conteers also raises an additional argument that Defendants' enforcement of the height limit against Conteers is unconstitutional because Defendants have permitted other similarly situated outdoor advertisers to erect billboards that exceed fifty feet.  (Doc. No. 36 at 3-4.)

In response, Defendants appear to concede that Section 153.385(A)(6)'s height limit is not applicable to Conteers' billboard or, at least, they do not challenge the Court's previous holding with respect to that issue.  (Doc. No. 33 at 4.)  However, Defendants argue that they have not waived the enforcement of the height limit based on the proposed billboard's height district—which they contend was specifically referenced in the proceedings below and was one of the reasons that Conteers applied to the City Council for an exception—and that Defendants did not even have the authority to waive the requirement during the conditional use application process.  (Doc. No. 33 at 6-7.)  Defendants also construe Conteers' argument regarding the existence of other billboards exceeding fifty feet in height as an equal protection claim, and assert Conteers' claim is without merit because Conteers has

15

not shown it is similarly situated to the other entities whose billboards were approved.  (Doc. No. 38 at 7-8.)

Before addressing the parties' arguments, the Court notes that in its Second Motion for Preliminary Injunction, Conteers has not identified which of its claims it is attempting to establish a likelihood of success on the merits.  However, in its opposition to Defendants' Motion to Strike, Conteers states that its "Second PI Motion is a continuation of the constitutional issues raised in the initial preliminary injunction motion" and that "the Second PI Motion relates to the First Amendment issues in the case."  (Doc. No. 40 at 2.)  Thus, the Court will construe Conteers' Motion as relying on its first and second causes of action, which are Conteers' constitutional claims.[2]

With this in mind, the Court finds that Conteers' argument that Defendants waived application of the height district limit lacks merit.  Conteers argues Defendants waived this issue by not raising it in the administrative proceedings below, relying on two cases regarding administrative appeals that held courts may not consider arguments not previously raised before the administrative agency.  *See LeBlanc v. E.P.A.*, 310 F. App'x 770, 776 (6th Cir. 2009); *Kentucky Utilities Co. v. U.S. F.E.R.C.*, 766 F.2d 239, 241-42 (6th Cir. 1985).  However, Conteers has not provided any authority demonstrating that such a waiver would extend to Defendants' defense against Conteers' constitutional claims under 42 U.S.C. § 1983 that are independent of Conteers' administrative appeal. As such, the Court finds Conteers' waiver argument unpersuasive.

---

[2] Further, to the extent that Conteers has in fact asserted that a preliminary injunction is warranted based on a showing of its likelihood of success on the merits of its third cause of action, its administrative appeal, Conteers has not met its burden in that regard.  The parties agree that the Court's assessment of Conteers' administrative appeal is limited to the record of proceedings before the City Council pursuant to Ohio Revised Code § 2506.03.  (*See* Doc. No. 37 at 1-2; Doc. No. 40 at 3.)  However, that record has not been filed with the Court.  Moreover, even assuming, *arguendo*, that Defendants are at fault for failing to properly file the record, the Court is not aware of any reason why Conteers could not have moved to compel its production before filing its Second Motion for Preliminary Injunction.  Indeed, Conteers' request for the record was filed over nine months ago.  (Doc. No. 10.)

Next, Conteers argues that it has shown that the height district limit cannot be enforced against it because the process for obtaining a variance or exception from that limit is unconstitutional, which appears to be a continuation of the argument in Conteers' first Motion for Preliminary Injunction based on the Zoning Code's alleged unconstitutional prior restraints on speech.  (*See* Doc. No. 30-1 at 9-11.)  Specifically, Conteers notes that under Section 153.385(F), the City Council may allow an exception to the Zoning Code's height requirements if the criteria in Section 153.474 are met.  (*Id.* at 9.)  In its initial preliminary injunction order, the Court held that Sections 153.474(A), (B), (C), and (H) likely were unconstitutional, as the standards provided in those sections were too vague to guide the City Council's discretion.  (Doc. No. 27 at 22-27.)  Conteers asserts it was denied an exception to the fifty-foot height limit based on these unconstitutional provisions, that the entire variance process is unconstitutional, and that Defendants therefore should not be allowed to enforce the height district limits against it.  (Doc. No. 30-1 at 11.)

However, the Court never invalidated the entire process for applying for an exception to the Zoning Code's height requirements under Section 153.385(F).  Rather, the Court found that Sections 153.474(A), (B), (C), and (H) likely were severable from the rest of the Zoning Code.  (Doc. No. 27 at 27-30.)  The Court specifically noted that without the unconstitutional provisions, Section 153.474 would contain only the requirements set forth in Sections 153.474(D)-(G), and that Section 153.385(F) would only incorporate those remaining requirements.  (*Id.* at 28-29.)  Thus, the Court never held that the process for seeking an exception to the height district limits was unconstitutional. As a result, the Court has already enjoined Defendants from enforcing the likely unconstitutional provisions of the Zoning Code, and Conteers has not established it is entitled to any additional relief

enjoining the enforcement of the process for obtaining an exception to the height district limits or enjoining the enforcement of the applicable height limit itself.

Finally, in Conteers' Reply in support of its Second Motion for Preliminary Injunction, Conteers asserts Defendants should be enjoined from enforcing the height limits in the Zoning Code because Defendants have allowed other outdoor advertisers that are similarly situated to Conteers to operate billboards that exceed fifty feet in height. (Doc. No. 36 at 3-4.) This appears to be an argument in support of Conteers' likelihood of success on the merits of its claim under the Equal Protection Clause in its second cause of action. (*See* Doc. No. 1 at ¶ 91.) Defendants also construed Conteers' argument as setting forth an equal protection claim. (*See* Doc. No. 38 at 7-8.)

The Equal Protection Clause states that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Equal Protection Clause "protects similarly situated individuals against disparate treatment through government action that 'either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Center for Powell Crossing, LLC v. City of Powell, Ohio*, 173 F. Supp. 3d 639, 680 (S.D. Ohio 2016) (quoting *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)). "The latter is known as the 'class of one' theory." *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 986 (6th Cir. 2012).

In this case, Conteers has not asserted that it has been targeted because of its membership in a suspect class. Further, although Conteers asserts its First Amendment rights are at issue, a fundamental rights analysis is not appropriate because Conteers has only asserted that it was deprived of those rights, not a class of people or entities. *Id.* ("Although Bench Billboard claims its First Amendment rights are at issue, the record reveals that Bench Billboard alleges only it was deprived

of those rights. The Supreme Court has only applied [heightened] scrutiny to equal protection claims where the plaintiff alleges that the government infringes on the fundamental right of a class of people[,] and this Court has declined to extend the fundamental rights analysis to classes of one.") (internal quotations and citations omitted); *accord Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260-61 (6th Cir. 2006).

Thus, Conteers must proceed on a class of one theory. To prevail on this theory, a plaintiff must establish that it suffered "disparate treatment from similarly situated individuals and that the government actors had no rational basis for the difference . . . or that the 'challenged government action was motivated by animus or ill-will.'" *Paterek v. Vill. of Armada, Mich.*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 864 (6th Cir. 2012)). To be similarly situated, a comparator business "must be similar in 'all relevant respects.'" *Id.* (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)). Courts should not demand precise correlation, but rather should seek relevant similarity. *Center for Powell Crossing*, 173 F. Supp. 3d at 681.

Here, Conteers has not established that it is similarly situated to the other outdoor advertisers that were permitted to erect billboards over fifty feet tall. Most notably, Conteers' proposed billboard is approximately 200 feet tall, which is four times the applicable height limit in the height district in which the billboard will be located. (Doc. No. 5-2 at ¶ 10.) Conteers has not shown that any of the other approved billboards that exceeded fifty feet were nearly as tall as Conteers' billboard or exceeded the applicable height limit by a similar amount. Indeed, one of the billboards is sixty feet in height, and it does not appear that Conteers has even identified the exact height of the other billboards. (Doc. No. 30-2 at 13; Doc. No. 36-1 at 12.) As such, Conteers has not identified other

19

similarly situated individuals that were treated more favorably.  *See Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 575 (6th Cir. 2008) ("Although the plaintiffs claim that they have been treated differently from other individuals seeking rezoning, they fail to allege any specific examples of *similarly situated* individuals, let alone evidence of situations where the proposed rezoning was similar in scale or impact."); *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036-37 (6th Cir. 1992) ("Although Silver asserts that the Board has issued conditional zoning certificates to other condominium developments, he has presented no evidence that these other developments were similarly situated to his development. Accordingly, Silver has not established an equal protection claim.").  Therefore, Conteers has not established a substantial likelihood of success on the merits of its claim under the Equal Protection Clause.

Accordingly, the Court finds that Conteers has not established a sufficient likelihood of success on the merits of any of its claims to warrant a preliminary injunction precluding Defendants from enforcing the fifty-foot height limit on structures in the height district in which Conteers' proposed billboard is located.  "The failure to show any likelihood of success on the merits—let alone a strong or substantial likelihood of success—is enough, by itself, to warrant denial of preliminary injunctive relief."  *Barrio Bros., LLC. v. Revolucion, LLC*, No. 1:18CV2052, 2018 WL 5960772, at *6 (N.D. Ohio Nov. 14, 2018) (quoting *Essroc Cement Corp. v. CPRIN, Inc.*, 593 F. Supp. 2d 962, 969 (W.D. Mich. 2008)).  Therefore, the Court will deny Conteers' Second Motion for Preliminary Injunction.[3]

---

[3] The Court also declines to grant the preliminary injunction in part to enjoin the enforcement of the height limit in Section 153.385(A)(6).  Defendants have apparently conceded that this height limit does not apply to Conteers.  In addition, such a partial injunction would have no practical effect and is not necessary to prevent irreparable harm because Defendants would continue to enforce the equivalent height limit pursuant to the height district limit applicable to Conteers' proposed billboard.

## V.    Conclusion

For the reasons set forth above, Defendants' Motion to Strike (Doc. No. 37) is DENIED, Defendants' Motion for Leave to File Sur-Reply (Doc. No. 38) is GRANTED IN PART and DENIED IN PART, and Conteers' Second Motion for Preliminary Injunction (Doc. No. 30) is DENIED.

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
    PAMELA A. BARKER
Date:  January 26, 2021    U. S. DISTRICT JUDGE

---

The Court also notes that no hearing in conjunction with Conteers' Second Motion for Preliminary Injunction was necessary because no facts material to the preliminary injunction are in dispute. *See Certified Restoration*, 511 F.3d at 552 ("[A] hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law.").

21